United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                           Hon. Stephanie Dawkins Davis

v.

                           Case No. 20-CR-20615

Robert J. Massey,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Robert J. Massey, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The "government" in this matter is represented by the U.S. Attorney's Office for the Eastern District of Michigan and the Environmental Crimes Section of the U.S. Department of Justice. The plea agreement's terms are:

**1.**    **Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant

with Knowing Violation of the Clean Water Act under 33 U.S.C.

§ 1319(c)(2)(A).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading

guilty carries the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | Up to 3 years |
|---|---|---|
| | Fine: | Not less than $5,000 and not more than $50,000 per day of violation |
| | Term of supervised release: | Up to 1 year |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence

consistent with its terms, the government will not bring additional

charges against the defendant for the conduct reflected in the factual

basis.

## 4. Elements of Count of Conviction

The elements of Count 1 are:

> 1. The defendant:

2. Committed an act that constituted a violation of a requirement imposed in a pretreatment program approved under the Clean Water Act, 33 U.S.C. § 1342(b)(8), by discharging landfill leachate to the City of Flint's sewer system in violation of sewer use permit number 5-04-02-01-O031; and,

3. The defendant acted knowingly.

## 5.  Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Defendant Robert J. Massey, through a business known as Oil Chem, Inc., ("Oil Chem") owned and operated an industrial facility located at 711 West 12th St., in Flint, Michigan (the "Oil Chem Facility"). Massey was the president and owner of Oil Chem.

The Oil Chem Facility processed and discharged certain oily industrial wastewaters to the City of Flint sanitary sewer system and sold oils and other chemicals to industrial facilities. Between about January 2007 and October 27, 2015, operations at the Oil Chem Facility also included the disposal of landfill leachate received by tanker truck from landfills in Michigan into the City of Flint sanitary sewer system.

The City of Flint administers and enforces a Publicly Owned Treatment Works ("POTW") pretreatment program that was approved under the Clean Water Act ("CWA") by an official CWA Approval Authority. This approved POTW pretreatment program includes a sewer use ordinance, under which industrial users must have a use permit in order to discharge wastewater to the City of Flint sanitary sewers, which lead to the City of Flint's POTW. Wastewater discharged to the City of Flint's sanitary sewers is treated at the City of Flint's POTW. Then, pursuant to the City of Flint's National Pollutant Discharge Elimination System permit, the wastewater is discharged to the Flint River, which is a water of the United States.

On or about October 15, 2008, Oil Chem submitted a Sanitary Sewer Use Permit Application to the City of Flint. As part of the permit application, Massey, as the Authorized Representative of Oil Chem, signed and certified that the application was true, accurate, and complete. The application described the production processes at the Oil Chem Facility as including the blending of industrial lubricants and cutting fluids; blending of industrial cleaners; packaging and shipment of those materials; transport, collection, treatment, and discharge of oily waste water; and reclamation and reuse of oil obtained from the waste treatment process. Oil Chem's 2008 application did not disclose that Oil Chem was receiving landfill leachate and discharging it into the sanitary sewer to the City of Flint's POTW.

Based on Oil Chem's 2008 Sanitary Sewer Use Permit Application, the City of Flint issued to Oil Chem a sewer use permit under permit number 5-04-02-01-O031 that was effective between November 1, 2009, and October 31, 2014. The effective date of the permit was subsequently updated to cover the period from October 30, 2014, to October 31, 2015.

Oil Chem's permit only authorized discharge from an access point, described as outfall # 001, at the Oil Chem Facility to the City of Flint sanitary sewer of certain wastewater, including centralized waste treatment wastewater, generated by the on-site treatment of oily wastes, certain storm water, and detergent production cleaning wastewater re-used for cleaning the central waste treatment facility. Oil Chem's permit prohibited the disposal of wastewater from landfill leachate, which is classified as a type of organic waste, from the Oil Chem Facility into the City of Flint sanitary sewer system.

Oil Chem's permit required Oil Chem to submit advanced written notice of any intent to discharge new waste streams, including any organic waste streams such as landfill leachate, and to submit expected volumes and sampling and analysis of any such new source of discharge to the City of Flint's sanitary sewer system.

Oil Chem's permit required Oil Chem to submit periodic self-monitoring reports to the City of Flint, containing the measured discharge volumes of wastewater to the City of Flint's sanitary sewer system. The permit also required Oil Chem to submit annual reports to the City of Flint, which were to provide any updated information regarding Oil Chem's business activities and materials which were discharged to the POTW through the City's sanitary sewer system.

Between about January 2007 and October 2015, Oil Chem accepted tanker truckloads of landfill leachate from eight different landfills in Michigan. Each of these tanker truckloads was accompanied by a manifest documenting, among other things, the date of transport and volume of leachate delivered to the Oil Chem Facility. These manifests documented the transport of landfill leachate to the Oil Chem Facility in or about the amounts described in Figure 1.

*Figure 1*

| YEAR | TOTAL ANNUAL VOLUME OF LANDFILL LEACHATE (Gallons) |
|------|------|
| 2007 | 1,094,600 |
| 2008 | 1,003,300 |
| 2009 | 377,800 |
| 2010 | 1,854,146 |
| 2011 | 3,995,363 |
| 2012 | 7,145,502 |
| 2013 | 8,533,845 |
| 2014 | 13,252,574 |
| 2015 | 10,567,163 |
| **Total** | **47,824,293** |

The landfills paid Transport Company 1 to remove accumulated landfill leachate from the landfill sites using tanker trucks. Transport Company 1 then paid Oil Chem to dispose of the landfill leachate.

Transport Company 1 delivered the landfill leachate from the landfill sites to the Oil Chem Facility. Upon arriving at the Oil Chem Facility, the Transport Company 1 driver pumped the landfill leachate from the Transport Company 1 tanker truck into Tank 103 at the Oil Chem Facility.

At Massey's direction, employees of Oil Chem routinely attached a hose to Tank 103 and directed the other end of the hose into an access point, outfall # 001, to the City of Flint sanitary sewer system. They then opened the valve at Tank 103 so that the untreated landfill leachate would drain directly from the tank into the City of Flint's sanitary sewer system, which discharged into the City of Flint's POTW. Oil Chem employees routinely performed this activity at or

around the close of business for the day, allowing the landfill leachate to flow into the sanitary system overnight.

Oil Chem discharged all or substantially all of the landfill leachate enumerated in Figure 1 to the City of Flint sanitary sewer system in this manner.

The landfill leachate from one of the landfills whose leachate was discharged by Oil Chem, Landfill 1, contained a chemical from a class of chemicals called polychlorinated biphenyls ("PCBs"), which are known to be hazardous to human health and the environment. The concentrations exceeded the limits for PCBs set forth in Oil Chem's sewer use permit. Oil Chem did not treat or process the landfill leachate to remove any chemicals, but discharged it untreated to the sanitary sewer system. Between January 2007 and October 2015, Oil Chem discharged approximately 24,468,861 gallons of landfill leachate from Landfill 1 into the City of Flint's sanitary sewer system.

Oil Chem did not disclose in any of its permit applications, periodic Self-monitoring Reports, or Annual Significant Non-domestic User Reports submitted to the City of Flint for the period from January 2007 through October 2015 that it was receiving leachate landfill and discharging it to the City of Flint's sanitary sewer system. Oil Chem also did not include in its discharge volume reports to the City of Flint the increase in volume of its discharge as a result of its discharging the landfill leachate to the sanitary sewer system. Oil Chem further did not submit any notices, samples, analyses, or estimated discharge volumes for landfill leachate to the City of Flint prior to discharging landfill leachate to the City of Flint's sanitary sewer system.

On December 31, 2019, the parties entered into an agreement to toll and suspend the running of the statute of limitations for any violations of Title 33 of the United States Code in connection with the acceptance and/or discharge of

landfill leachate at Oil Chem. This tolling agreement, along with subsequent tolling agreements entered into by the parties, tolled the running of the statute of limitations during the period from December 31, 2019, through January 24, 2021.

Specifically, as it relates to Count 1 of the Information, from on or about December 31, 2014, to on or about October 27, 2015, in the Eastern District of Michigan, defendant, Robert J. Massey, knowingly violated a requirement imposed in a pretreatment program approved under the Clean Water Act, Title 33, United States Code, Section 1342(b)(8), by knowingly discharging landfill leachate to the City of Flint's sanitary sewer system in violation of sewer use permit number 5-04-02-01-O031, all in violation of Title 33, United States Code, Section 1319(c)(2)(A).

6.   **Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.   The right to an appointed attorney, if the defendant cannot afford to retain one;

E.      The right to be presumed innocent and to require the
government to prove the defendant guilty beyond a reasonable
doubt at trial;

F.      The right to confront and cross-examine adverse witnesses
at trial;

G.      The right to testify or not to testify at trial, whichever the
defendant chooses;

H.      If the defendant chooses not to testify, the right to have the
jury informed that it may not treat that choice as evidence of guilt;

I.      The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

J.      The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that his conviction here may carry
additional consequences under federal or state law. The defendant
understands that, if he is not a United States citizen, his conviction
here may require him to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.
The defendant further understands that the additional consequences of

his conviction here may include, but are not limited to, adverse effects
on the defendant's immigration status, naturalized citizenship, right to
vote, right to carry a firearm, right to serve on a jury, and ability to hold
certain licenses or to be employed in certain fields. The defendant
understands that no one, including the defendant's attorney or the
Court, can predict to a certainty what the additional consequences of
the defendant's conviction might be. The defendant nevertheless affirms
that the defendant chooses to plead guilty regardless of any
immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at
sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the defendant receive a two-level reduction
for acceptance of responsibility under USSG § 3E1.1(a). Further, if the
defendant's offense level is 16 or greater and the defendant is awarded
the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under

this paragraph, will be free to argue that the defendant not receive *any*

reduction for acceptance of responsibility under USSG § 3E1.1, and will

be free to argue that the defendant receive an enhancement for

obstruction of justice under USSG § 3C1.1.

## C.     Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 2Q1.3(a)

- 2Q1.3(b)(1)(A) (The offense resulted in an ongoing, continuous, or repetitive discharge of a pollutant into the environment.)

- 2Q1.3(b)(4) (The offense involved a discharge without a permit or in violation of a permit.)

- 3B1.1(c) (Defendant was an organizer, leader, manager, or supervisor in any criminal activity)

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 5, 8.B, 8.C, or 8.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 5, 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B. Imprisonment

### 1. Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the defendant's sentence of imprisonment may not exceed 24 months.

### 2. Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a sentence of imprisonment higher than permitted by paragraph 9.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence higher than permitted by paragraph 9.B.1 and that all other provisions in this agreement will remain in effect.

The government has no right to withdraw from this agreement if the Court does not follow the parties' recommendation as to the calculation of the guidelines. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

Page **14** of **20**

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a one-year term of supervised release to follow any period of incarceration to which defendant is sentenced.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

Restitution is not applicable.

### F.    Forfeiture

Forfeiture is not applicable.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

### 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 24 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

### 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

Page **16** of **20**

## 12.  Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to

challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the

limitations period expired.

## 13.  Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his

guilty plea for any reason, he waives all of his rights under Federal

Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any

proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency or other federal, state, or local prosecution authority except the United States Attorney's Office for the Eastern District of Michigan and the Environmental Crimes Section of the United States Department of Justice.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by

the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 5:00 p.m. on December 18, 2020.

The government may withdraw from this agreement at any time before

the defendant pleads guilty.

Matthew Schneider
United States Attorney
Eastern District of Michigan

Anthony Vance
Chief, Branch Offices
Assistant United States
  Attorney

Ann Nee
Assistant United States
  Attorney

Jules DePorre
Assistant United States
  Attorney

Page **19** of **20**

Jonathan D. Brightbill
Principal Deputy Assistant
 Attorney General
Environment and Natural
 Resources Division

Krishna Dighe
Senior Counsel
Environmental Crimes Section

Dated: December 1, 2020

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

Dennis Lazar
Attorney for Defendant

Robert J. Massey
Defendant

Dated:  January 14, 2021

Page **20** of **20**